## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION H-14-575 |
| | § | |
| CHERYL REED JOHNSON | § | |

## MEMORANDUM OPINION AND ORDER

Defendant Cheryl Reed Johnson, proceeding *pro se*, filed a motion for reduction in sentence ("RIS") and/or compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). (Docket Entry No. 66.)  The Government filed a response in opposition (Docket Entry No. 67), to which defendant filed a reply (Docket Entry No. 68).  The Court subsequently dismissed defendant's motion on April 30, 2020, for failure to exhaust.

Pending before the Court is defendant's motion for reconsideration of the Court's dismissal of her motion for RIS/compassionate release.  (Docket Entry No. 70.)  Filed with her motion is a copy of a letter from the BOP dated April 7, 2020, denying her RIS request.  Defendant had not received the letter at the time she filed her motion for relief with this Court.  She has also filed a supplemental motion for RIS/compassionate release.  (Docket Entry No. 74.)

Having considered the motion for reconsideration, the motion and supplemental motion for RIS/compassionate release, the response and reply, the record, matters of public record, and the applicable law, the Court GRANTS the motion for reconsideration and DENIES the motions for RIS/compassionate release for the reasons shown below.

## *Background*

Defendant is a 42-year old female currently confined at FMC Carswell, a Federal Bureau of Prisons ("BOP") medical facility located in Fort Worth, Texas. She pleaded guilty in two separate cases to six fraud-related charges, and was sentenced jointly in both convictions to serve a total of 151 months in prison and ordered to pay over $1 million in restitution. Final judgment was entered on September 21, 2015. The BOP currently reports her anticipated release date as October 20, 2024.

In support of her motions, defendant claims to have chronic asthma, which she argues would increase her risk of serious illness should she contract a COVID-19 infection in prison. In her supplemental motion, she also claims to be anemic and have a BMI of 30, which she states is obesity.

## *Legal Standard*

Defendant brings her motion for a sentence reduction and/or compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), which allows a court in its discretion to modify a sentence under certain circumstances. Under the current version of the statute, a motion for modification may be made by either the Director of the BOP or by a defendant after the defendant has fully exhausted her administrative rights. 18 U.S.C. § 3582(c)(1)(A).

Compassionate release under section 3582(c)(1)(A) authorizes a court to modify a defendant's term of imprisonment if the court finds that two conditions have been satisfied. The first is that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C.

2

§ 3582(c)(1)(A)(i).  The second is that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).  The court also must consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable.  *Id.  See also United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).  The district court must base its decision on "a thorough factual record" and "must provide specific factual reasons, including but not limited to due consideration of the § 3553(a) factors, for its decision."  *Id*.

The Sentencing Commission has addressed in a policy statement what qualifies as "extraordinary and compelling reasons" to release a defendant from BOP custody.  *See* U.S.S.G. § 1B1.13.  This Court will refer to the Sentencing Commission's policy statement for guidance, without deciding whether it is binding in this context.  The relevant policy statement outlines four categories of circumstances that may constitute extraordinary and compelling reasons for a sentence reduction:

(1)   the defendant suffers from a medical condition that is terminal or substantially diminishes the defendant's ability to provide self-care in a correctional environment;

(2)   the defendant is at least 65 years old, is experiencing a serious deterioration in health due to the aging process, and has served at least 10 years or 75% of his or her term of imprisonment;

(3)   family circumstances involving the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner; or

(4)   other reasons, other than or in combination with the other listed circumstances, that are extraordinary and compelling.

3

U.S.S.G. § 1B1.13, Application Note 1.  Defendant in this instance relies on subparagraph (4).  A defendant in a motion brought under section 3582(c)(1)(A) has the burden to establish that relief is warranted in her case.

Even if extraordinary and compelling reasons for modification or early release are shown, Sentencing Guideline § 1B1.13(2) authorizes a sentence reduction only if the defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g)."

As provided in both section 3582(c)(1)(A) and the policy statement, a court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable.  These factors include the nature and circumstances of the offense; the history and characteristics of the defendant; and the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with needed training, medical care, or other treatment in the most effective manner.  18 U.S.C. § 3553(a).  The policy statement also recognizes that the sentencing court "is in a unique position to determine whether the circumstances warrant a reduction . . . after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement[.]"  U.S.S.G. § 1B1.13 cmt. 4.

Thus, a defendant may be eligible for compassionate release under section 3582(c)(1)(A) if the Court finds extraordinary or compelling reasons to warrant a sentence reduction and the defendant is found not to pose a risk of danger to the community, and it

also finds that a sentence reduction is consistent with United States Sentence Commission policy statements.

### *Exhaustion*

Defendant submitted a copy of her BOP RIS denial dated April 7, 2020, from FMC Carswell Warden M. Carr.  (Docket Entry No. 73, p. 5.) As grounds for denying the motion, Warden Carr stated that,

> We recognize that you, like all of us, have legitimate concerns and fears about the spread and the effects of the [COVID-19] virus.  However, your concern about being potentially exposed to, and possible contracting, COVID-19 does not currently warrant an early release from your sentence.  Accordingly, your RIS request is denied at this time.

*Id*.  Of significant note, defendant was denied a RIS based on her general concerns regarding COVID-19.  The denial letter does not indicate that she requested a RIS based on a higher risk of COVID-19 predicated on chronic asthma, anemia, or obesity.

Nonetheless, the Court finds that defendant exhausted her administrative remedies for purposes of her pending motions for RIS/compassionate release.

### *Extraordinary and Compelling Reasons*

"Extraordinary and compelling" reasons warranting a reduction in a defendant's sentence can be found if she has an underlying medical condition rendering her particularly susceptible to contracting COVID-19.  Defendant states here that she is medically vulnerable to COVID-19 because she has chronic asthma (Docket Entry No. 66, p. 5), anemia, and a BMI of 30 (Docket Entry No. 74, p. 1).

The Centers for Disease Control and Prevention has set forth a list of underlying medical conditions causing an individual to be particularly susceptible to COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk .html. These underlying medical conditions include *moderate-to-severe asthma*, chronic kidney disease being treated with dialysis, chronic lung disease, diabetes, hemoglobin disorders, liver disease, serious heart conditions such as heart failure, and conditions and treatments causing an individual to be immunocompromised. *Id.* It also references a BMI of 40 or greater as increasing susceptibility, which defendant asserts was recently lowered to a BMI of 30.

Defendant has not provided the Court with copies of any medical records establishing the severity of her asthma, her current BMI, or that she has a hemoglobin disorder.[1] That defendant may have chronic asthma does not indicate that she has *moderate-to-severe* asthma, and she has not met her burden of showing that chronic asthma renders her particularly susceptible to COVID-19. Nor does she establish a current hemoglobin disorder or any particular BMI.[2] As a result, the Court finds that defendant has alleged nothing more than general concerns about possible exposure to COVID-19, as reflected in Warden Carr's

---

[1] The Court places no significance on the purported note from defendant's sister, as it is both unsigned and lacking in probative medical evidence. (Docket Entry No. 68-2).

[2] The Court declines to accept defendant's "List of Health Problems" as establishing any particular medical vulnerability, as it does not supplant the information provided by medical records. (Docket Entry No. 70.) Even so, the Court notes that her "unspecified anemia" appears as "resolved" in 2017, and that "asthma" is listed as "current" but "unspecified." "Obesity" does not appear among the listed health problems.

6

letter denying her RIS request.  General concerns of this nature do not suffice as extraordinary and compelling reasons for relief under 18 U.S.C. § 3582(c)(1)(A)(i).

The Court finds that defendant has not met the threshold requirements of "extraordinary and compelling reasons" for relief under section 3582(C)(1)(A), and that consideration of the additional factors under 18 U.S.C. § 3553(a) is unnecessary.

### Conclusion

For the reasons set forth above, the Court ORDERS as follows:

1.     Defendant's motion for reconsideration (Docket Entry No. 70) is GRANTED.

2.     Defendant's motion for RIS/compassionate release (Docket Entry No. 66) is DENIED on the merits.

3.     Defendant's supplemental motion for RIS/compassionate release (Docket Entry No. 74) is DENIED on the merits.

Signed at Houston, Texas, on July 13, 2020.

Gray H. Miller
Senior United States District Judge

7